## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eugene Stilp, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | No. |
| | : | |
| City of Pottsville, | : | **JURY TRIAL DEMANDED** |
| | : | |
| and | : | |
| | : | |
| Jonathan D. Randolph in his | : | |
| Personal Capacity, | : | |
| | : | |
| Defendants. | : | |

### Complaint

Plaintiff Gene Stilp by undersigned counsel Mette, Evans & Woodside files this complaint to challenge the City of Pottsville's ordinance that facially and as applied violated and continues to violate his First Amendment right to publicly burn political flags as a form of political protest and to seek damages against the City of Pottsville and Officer Jonathan D. Randolph in his personal capacity for denial of his right of free expression.

## I.  Parties

1.  Plaintiff is Gene Stilp ("Stilp"), an adult individual.

2.     Defendant City of Pottsville ("City") is a political subdivision of the Commonwealth of Pennsylvania that maintains a principal office at 401 North Centre Street, Pottsville, Schuylkill County, Pennsylvania.

3.     Defendant Jonathan P. Randolph ("Randolph") is a police officer employed by Defendant City.  Randolph is sued in his personal capacity only.

## II.     Jurisdiction and Venue

4.     Jurisdiction is founded upon 28 U.S.C. § 1331.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1), because the City is located within this judicial district and is the place where a substantial part of the events or omissions giving rise to Stilp's claims occurred.

6.     Stilp seeks equitable and legal relief.

## III.     Facts

7.     The allegations of the foregoing paragraphs are incorporated by reference.

8.     Stilp is a prominent political activist in Pennsylvania who frequently publicly protests political corruption and racial injustice.

9.     Over the past several years, Stilp has publicly burned political flags in various locations throughout the United States as a means of protesting politicians and political ideologies he opposes.

10.     As part of such protests Stilp has often burned flags bearing images and slogans supporting the reelection of Donald J. Trump as President of the United States.

11.     On August 13, 2020, Stilp appeared at the Schuylkill County Courthouse in Pottsville, Schuylkill County, Pennsylvania.

12.     The sidewalk and street where Stilp appeared were open to the public and a public forum.

13.     Stilp appeared for the purpose of conducting a political protest for the purpose of burning four flags: a Trump campaign flag sewn together with a Nazi flag, a Trump campaign flag sewn together with a flag of the former Soviet Union, a Trump campaign flag sewn together with a Confederate flag, and a combined flag consisting of Trump campaign flag sewn together with a Confederate flag, a Nazi flag and a former Soviet Union flag ("Trump Protest Flags").

14.     Stilp's intended purpose in burning the Trump Protest Flags was to publicly oppose policies of the Trump Administration and Trump reelection campaign which Stilp asserted were racist and not beneficial for citizens.

15.     Upon his arrival, Stilp notified the Schuylkill County Sheriff's office that he would be conducting a public protest involving the burning of the Trump Protest Flags on the sidewalk by the courthouse.

16.    The sheriff's office contacted law enforcement to advise of Stilp's public protest and intention to burn the Trump Protest Flags.

17.    Local law enforcement officer, an employee of the City of Pottsville, Jonathan D. Randolph ("Randolph"), advised Stilp of the City's ordinance "against burning in this fashion."

18.    Wishing to exercise his First Amendment rights, Stilp advised Randolph that he intended to proceed with the political protest and burn the Trump Protest Flags.

19.    Randolph summoned Fire Chief Misstishin who stated to Stilp that igniting flags was hazardous.

20.    Sergeant O'Toole and Captain Morrow of the City's police department also issued verbal warnings to Stilp, warning him not to burn the flags.

21.    Wishing to proceed with his political protest and after ensuring that the area in which the protest was scheduled was safe to ignite the Trump Protest Flags, Stilp began with his political protest as planned and started explaining the meaning of the various Trump Protest Flags.

22.    During this time, the Humane Fire Company arrived, as well as the Pottsville City Street Department.

23.    After concluding his explanation of the meaning of the Trump Protest Flags, Stilp lit one flag with a match while it was inside a steel trash can.

24.     Stilp was then placed under arrest by Randolph.

25.     The Humane Fire Company extinguished the fire.

26.     Randolph took Stilp into custody, transported Stilp and put him in lock up where Stilp was fingerprinted and held handcuffed to a cot for two hours while awaiting an appearance before a magisterial district judge.

27.     Stilp was charged by Randolph in Magisterial District Court 21-3-07 at CR-367-2020 with disorderly conduct under 18 Pa. C.S. § 5503(a)(4),[1] graded a third degree misdemeanor, and with violating a local City ordinance, graded a summary offense under § 189-37 of the City's Ordinances ("Outdoor Burning Ordinance").

28.     The City's Outdoor Burning Ordinance states the following,

**§ 189-37 Outdoor burning.**

**A.**  Burning prohibited. The burning of solid waste, recyclable materials, yard waste and construction debris within the City of Pottsville is hereby prohibited.

**B.**  Allowable burning. Open burning shall be allowed without prior notification to the Fire Chief for:

          **(1)**  Fires used exclusively for recreation/cooking which are contained within a metal, brick or similar fireproof receptacle.

---

[1]  This provision of Pennsylvania's disorderly conduct statute states that "[a] person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he…creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor."  18 Pa. C.S. § 5503(a)(4).

**(2)** Highway safety flares, smudge pots, and similar occupational needs.

**C.** Permit required. Open burning shall only be allowed after obtaining a permit from the Fire Chief. The following conditions must be met:

**(1)** Bonfire conditions. A bonfire shall only be allowed when the following sections are met:

**(a)** Location. The location for any open fire shall be no less than 50 feet from any structure.

**(b)** Size and duration. The bonfire shall be no larger than five feet by five feet and shall burn for no longer than three hours.

**(c)** Attendance. All open fires must be attended at all times until fully extinguished.

**(d)** Material. The Fire Chief must approve bonfire materials. The fire shall not be used for waste disposal purposes, and fuel shall be chosen to minimize air contaminants.

**(e)** All permits shall be requested by and issued to the owner of the land upon which the bonfire is to be kindled.

**(f)** Fire training. Fires purposely set for the purpose of actual instruction and training are allowable for fire personnel in accordance with the NFPA 1401.

**(2)** When prohibited. The Fire Chief shall revoke a permit and prohibit open burning which is offensive or objectionable due to severe smoke, odor emissions or when local conditions make such fires hazardous.

**(3)** Responsibility for expenses. Any persons or persons who set, start or fuel an open fire without a permit as required in this section or who fail to comply with requirements of this section shall pay to the City all costs incurred relating to damages or response costs.

City Ordinance 189-37 attached hereto as Exhibit A.

29.    The City's ordinances also state in relevant part the following,

§ 121-1 **Adoption of standards.**

That a certain document, three copies of which are on file in the office of the Clerk of City of Pottsville, being marked and designated as the International Fire Code, 2009 edition, adopted only to the extent referenced in the International Building Code 2009, as published by the International Code Council, be and is hereby adopted as the Fire Code of the City of Pottsville, in the State of Pennsylvania regulating and governing the safeguarding of life and property from fire and explosion hazards…and each and all of the regulations, provisions, penalties, conditions and terms of said Fire Code on file in the office of the City of Pottsville are hereby referred to, adopted, and made a part hereof, as if fully set out in this chapter, with the additions, insertions, deletions, and changes, if any prescribed in § 121-3 of this chapter.

### § 121-3 **Modifications of standards.**

That the following sections are hereby revised:

**A.**     Section 101.1. Insert: "City of Pottsville".

**B.**     Section 109.3. Insert: "Summary Offense, $1,000, 90".

**C.**     Section 111.4. Insert: "$300, $1,000".

See Exhibit A.

30.     The International Fire Code, 2009 edition ("IFC"), incorporated under § 121-1 *supra*, states in relevant part (reordered for clarity) ("IFC Exceptions"),

**§302.1 RECREATIONAL FIRE.**  An outdoor fire burning materials other than rubbish where the fuel being burned is not contained in an incinerator, outdoor fireplace, portable outdoor fireplace, barbeque grill or barbeque pit and has a total fuel area of 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height for pleasure, religious, ceremonial, cooking, warmth or similar purposes.

## § 307 OPEN BURNING, RECREATIONAL FIRES AND PORTABLE OUTDOOR FIREPLACES.

**307.1 General**. A person shall not kindle or maintain or authorize to be kindled or maintained any open burning unless conducted and approved in accordance with Sections 307.1.1 through 307.5.

> **307.1.1 Prohibited open burning.** Open burning shall be prohibited when atmospheric conditions or local circumstances make such fires hazardous.

> **Exception**: Prescribed burning for the purpose of reducing the impact of wildland fire when authorized by the fire code official.

**307.3 Extinguishment authority**. Where open burning creates or adds to a hazardous situation, or a required permit for open burning has not been obtained, the fire code official is authorized to order the extinguishment of the open burning operation.

**307.4 Location**. The location for open burning shall be not less than 50 feet (15 240 mm) from any structure, and provisions shall be made to prevent the fire from spreading to within 50 feet (15 240 mm) of any structure.

> **Exceptions**:

>> 1. Fires in approved containers that are not less than 15 feet (4572 mm) from a structure.

>> 2. The minimum required distance from a structure shall be 25 feet (7620 mm) where the pile size is 3 feet (914 mm) or less in diameter and 2 feet (610 mm) or less in height.

> **307.4.1 Bonfires.** A bonfire shall not be conducted within 50 feet (15 240 mm) of a structure or combustible material unless the fire is contained in a barbecue pit. Conditions that could cause a fire to spread within 50 feet (15 240 mm) of a structure shall be eliminated prior to ignition.

> **307.4.2 Recreational fires.** Recreational fires shall not be conducted within 25 feet (7620 mm) of a structure or combustible material.

Conditions that could cause a fire to spread within 25 feet (7620 mm) of a structure shall be eliminated prior to ignition.

**307.4.3 Portable outdoor fireplaces.** Portable outdoor fireplaces shall be used in accordance with the manufacturer's instructions and shall not be operated within 15 feet (3048 mm) of a structure or combustible material. Exception: Portable outdoor fireplaces used at one and two-family dwellings.

**307.5 Attendance.** Open burning, bonfires, recreational fires and use of portable outdoor fireplaces shall be constantly attended until the fire is extinguished. A minimum of one portable fire extinguisher complying with Section 906 with a minimum 4-A rating or other approved on-site fire-extinguishing equipment, such as dirt, sand, water barrel, garden hose or water truck, shall be available for immediate utilization.

## § 109 Violations.

**109.1 Unlawful acts.** It shall be unlawful for a person, firm or corporation to erect, construct, alter, repair, remove, demolish or utilize a building, occupancy, premises or system regulated by this code, or cause same to be done, in conflict with or in violation of any of the provisions of this code.

**109.3 Violation penalties.** Persons who shall violate a provision of this code or shall fail to comply with any of the requirements thereof or who shall erect, install, alter, repair or do work in violation of the approved construction documents or directive of the fire code official, or of a permit or certificate used under provisions of this code, shall be guilty of a [SPECIFY OFFENSE], punishable by a fine of not more than [AMOUNT] dollars or by imprisonment not exceeding [NUMBER OF DAYS], or both such fine and imprisonment. Each day that a violation continues after due notice has been served shall be deemed a separate offense.

**109.3.1 Abatement of violation.** In addition to the imposition of the penalties herein described, the fire code official is authorized to institute appropriate action to prevent unlawful construction or to restrain, correct or abate a violation; or to prevent illegal occupancy of a structure or premises; or to stop an illegal act, conduct of business or occupancy of a structure on or about any premises.

A copy of the relevant IFC 2009 sections is attached as Exhibit B.

31.   Stilp acted without intent to cause public inconvenience, annoyance or alarm and did not recklessly create a risk thereof when conducing a political protest on August 13, 2020.

32.   Stilp did not create a hazardous or physically offensive condition by way of the political protest.

33.   Stilp ensured no combustible materials were closer than twenty-five feet to the steel trashcan wherein the Trump Protest flags would be burned, and he attended the fire the entire time it was lit.

34.   Stilp further ensured that no hazardous conditions existed the day of the protest, and Stilp maintained a method of extinguishment to put out the fire after the political protest was complete.

35.   Furthermore, Stilp is a certified firefighter and is knowledgeable of safe burning procedures.

36.   Stilp's political protest served a legitimate purpose. *See Commonwealth v. Roth,* 531 A.2d 1133, 1139 (Pa. Super. 1987) (noting that Pennsylvania's disorderly conduct statute prohibiting conduct which serves no legitimate purpose "could not be interpreted to prohibit activity which is protected under the First Amendment.").

37.     The Open Burning Ordinance and IFC Exceptions facially admit of no exception for burning the Trump Protest flags in public protest and thus violate the First Amendment's guarantee to freedom of expression. See *Texas v. Johnson*, 491 U.S. 397 (1989) (flag burning constitutionally-protected expression).

38.     Alternatively, the Open Burning Ordinance and IFC Exceptions are unconstitutional as applied because Stilp's burning complied with the requirements of the City's ordinances, yet the City arrested, charged and imprisoned Stilp anyway, suppressing his speech and prohibiting all burning of flags as a form of political protest despite Stilp's compliance with the IFC Exceptions.

39.     Because Stilp's burning of the Trump Protest Flags was permitted by City ordinances, the City's enforcement of its ordinances was an act of suppression of Stilp's First Amendment rights and part of a policy or custom which directed or authorized law enforcement to take enforcement action that prohibit the burning of all flags in political protests.

40.     Additionally, to the extent the language of the Open Burning Ordinance fails to clearly state whether a fire used for political demonstration is allowed under the "recreational purposes" exception, the Open Burning Ordinance is unconstitutionally vague by allowing the Borough to enforce the Open Burning Ordinance in an arbitrary and discriminatory manner.

41.     Because of the actual and arbitrary enforcement of City ordinances against him to suppress his right to burn political flag as a form of protest, or due to the applied policy of the City to ban flag burning as a form of political expression irrespective of the IFC Exceptions and the language of its ordinances, Stilp fears conducting further protests involving flag burning in public places within the City of Pottsville.

42.     In addition to the filing of charges against him, Stilp also reasonably fears an action in abatement by IFC § 109.3.1.

43.     Stilp desires to hold one or more additional flag burning protests, including in public areas of the City.

44.     Stilp has no adequate remedy at law to prevent prospective enforcement of the facially unconstitutional ordinances against him and/or unconstitutional application of such ordinances to suppress his right of expression protected under the First Amendment.

45.     Stilp further has no recourse to prospectively prevent unconstitutional application of Pennsylvania's disorderly conduct statute against him by the City for his mere exercise of expressive conduct protected by the First Amendment.

**FIRST CAUSE OF ACTION**
**Violation of Right to Free Speech (Facial Challenge)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

46.    The averments of the foregoing paragraphs are incorporated by reference.

47.    The City's ordinances facially violate the First Amendment and are overly broad by prohibiting the burning of flags as an act of public political protest all times within the geographic limits of the City.

48.    The City's ordinances facially inhibit Stilp's right to free speech by preventing him from publicly protesting through flag burning, which has chilled the exercise of his free speech rights.

49.    Stilp is in reasonable fear of prosecution for a summary offense and an action in abatement if he should engage in such constitutionally protected conduct in the City of Pottsville.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a.    PERMANENTLY ENJOIN enforcement of the City's ordinances and Pennsylvania's disorderly conduct statute to suppress public flag burning for the purpose of political protest; and

b.    AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**SECOND CAUSE OF ACTION**
**Violation of Right to Free Speech (As Applied Challenge)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

50.    The averments of the foregoing paragraphs are incorporated by reference.

51.    Defendant has both applied and threatened to apply the City's ordinances and Pennsylvania's disorderly conduct statute in violation of Stilp's right to free speech under the First Amendment.

52.    Defendant has both applied and threatened to apply its ordinances and the disorderly conduct statute against Stilp in an arbitrary and capricious manner.

53.    Stilp is in reasonable fear of prosecution for a summary offense and the imposition of civil penalties, as well as an action in abatement by the City under its ordinances, if he would again attempt to burn political flags as expressive conduct because of the actions of local law enforcement taken against him for burning political flags on August 13, 2020.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a.    PERMANENTLY ENJOIN enforcement of the City's ordinances and Pennsylvania's disorderly conduct statute to suppress public flag burning for the purpose of political protest; and

b.    AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**THIRD CAUSE OF ACTION**
**Violation of Right to Free Speech (Damages)**
**U.S. Const. amend. I; 42 U.S.C. § 1983**

54.    The averments of the foregoing paragraphs are incorporated by reference.

55.    Stilp's First Amendment right to free speech and expression have been suppressed and violated by virtue of the facial language of the City's ordinances and/or application of the City's ordinances as a matter of policy in derogation of its ordinances, to suppress the public burning of flags as a form of political protest.

56.    As a direct and proximate result of such suppression of Stilp's First Amendment right to free speech and expression, Stilp has suffered damages for which he must be compensated.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to ENTER JUDGMENT in his favor and against the City of Pottsville for nominal and compensatory damages for retaliatory arrest for Stilp's exercise of his First Amendment rights, attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

**FOURTH CAUSE OF ACTION**
**Burn Ordinance Void for Vagueness Under the**
**First and Fourteenth Amendments**
**U.S. Const. amend. I, XIV; 42 U.S.C. § 1983**

57.    The averments of the foregoing paragraphs are incorporated by reference.

58.     Alternatively, to the extent the Open Burning Ordinance is not facially unconstitutional or unconstitutional as applied, the Open Burning Ordinance is vague in that it does not provide a person of ordinary intelligence with reasonable opportunity to know what conduct is prohibited and to act accordingly to avoid punishment or adverse civil proceedings.

59.     The Open Burning Ordinance is vague in that it touches upon sensitive and protected areas of expressive activity.

60.     The Open Burning Ordinance is void for vagueness under the Fourteenth Amendment for allowing fires for "recreational purposes" without defining what such recreational purposes encompass, thereby leaving to the discretion of law enforcement the decision to punish people such as Stilp who would use flag burning in political demonstrations.

61.     Likewise, the Open Burning Ordinance fails to define what constitutes fires lit for a "ceremonial" purpose altogether.

62.     In light of this vagueness, the City has unconstitutional discretion to interpret and enforce the Open Burning Ordinance in an arbitrary and discriminatory manner, and in fact did so against Stilp, in violation of the Fourteenth Amendment's guarantee of procedural due process.

63.     The Open Burning Ordinance is reasonably interpreted to permit fires lit for recreational or ceremonial purposes, yet the City takes the position that the

Open Burning Ordinance prohibits such fires, and the City's law enforcement officers in accordance with City policy extinguished the fire set by Stilp for political demonstration purposes.

64.     Stilp remains under ongoing threat of prosecution if he should again engage in public burning of flags as part of protected First Amendment public political demonstration.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to:

a.     PERMANENTLY ENJOIN enforcement of the City's ordinances and Pennsylvania's disorderly conduct statute to suppress public flag burning for the purpose of political protest; and

b.     AWARD attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

## FIFTH CAUSE OF ACTION
### Violation of First Amendment Right – Retaliatory Arrest (monetary damages)
### U.S. Const. amend. I; 42 U.S.C. § 1983

65.     Stilp was engaged in constitutionally protected expressive conduct under the First Amendment when he burned the Trump Protest Flags to express opposition to the Trump reelection campaign and policies.  See *Texas v. Johnson,* 491 U.S. 397 (1989) (flag burning constitutionally-protected expression).

66.     Stilp was arbitrarily subjected to arrest and charged with misdemeanor disorderly conduct by Randolph in retaliation for exercising his First Amendment right to political protest through flag burning.

67.     Stilp's arrest and misdemeanor charge has chilled his exercise of his free speech rights and has deterred him from exercising his First Amendment right to protest within the City of Pottsville.

68.     Stilp's political protest was a substantial and motivating factor and caused Officer Randolph to arrest and charge Stilp with both a summary offense and misdemeanor in retaliation for Stilp's exercise of his constitutionally protected right to political protest through flag burning.

69.     Officer Randolph lacked probable cause to arrest Stilp, and took action against him pursuant to the City's policy of applying its ordinances to prohibit outright public burning of flags as a form of political protest.

70.     Alternatively, even if probable cause for arrest and charging existed for the charge violations, Stilp's arrest and imprisonment would not normally have been made but for the fact that Stilp had engaged in protected First Amendment expression, to wit, flag burning which is protected expression.

**WHEREFORE**, Plaintiff Gene Stilp prays the Court to ENTER JUDGMENT in his favor and against the Defendants Jonathan D. Randolph and the City of Pottsville for nominal and compensatory damages for retaliatory arrest for Stilp's exercise of his First Amendment rights, attorneys fees pursuant to 42 U.S.C. § 1988, costs of suit and such other relief as is just and equitable.

Respectfully submitted,

**METTE, EVANS & WOODSIDE**

/s/ Aaron D. Martin

By: _____

Aaron D. Martin
Pa. Atty. I.D. 76441
Sarah E. Straub
Pa. Atty. I.D. 330748
3401 North Front Street
Harrisburg, PA 17110
(717) 232-5000 (phone)
(717) 236-1816 (fax)
admartin@mette.com

*Attorney for Plaintiff,*
*Gene Stilp*

Dated: August 12, 2022.